IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

KIMBERLY HOUSTON,

    Plaintiff,

v.                                                                             Case No: 2:22-cv-2395

**JURY DEMANDED**

MEMPHIS LIGHT GAS AND WATER DIVISION,

    Defendant.

## COMPLAINT

**COMES NOW** the Plaintiff, Kimberly Houston (hereinafter the "Plaintiff" or "Ms. Houston"), by and through undersigned counsel of record, and brings this action against Defendant Memphis, Light, Gas, and Water Division ("MLGW" or "Defendant"). In support of her claims, Plaintiff would respectfully show unto the Court as follows:

### NATURE OF THE ACTION

This is an action brought under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"). At all relevant times, Plaintiff was a long-time employee of MLGW, having successfully served in a variety of positions over nearly twenty (20) years until she was selected in 2018 to serve in the offices of the IBEW Local Union 1288, which represents workers in negotiations with MLGW. However, near the end of her tenure with the IBEW Local Union 1288, MLGW launched a sexual harassment investigation of a third party and required Plaintiff to participate in that investigation.

Plaintiff cooperated in MLGW's investigation and only provided truthful information. Shortly thereafter, Plaintiff's assignment as Assistant Business Manager of IBEW Local Union 1288 ended. Thus, Plaintiff expected to return to the position she held with MLGW before she was appointed to be Assistant Business Manager of IBEW Local Union 1288.

However, MLGW "unartfully" coordinated Plaintiff's demotion to a lower and substantially less-paying position than the one she occupied prior to her appointment with IBEW Local Union 1288, in violation of MLGW's own policies, practices and the unambiguous rules governing MLGW employees. The actions of MLGW were in retaliation for Plaintiff's participation in the MLGW investigation. Therefore, Plaintiff brings the present action against MLGW for its unlawful, retaliatory demotion, for which it is liable under Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28. U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Tennessee, Western Division; therefore, pursuant to 28 U.S.C. § 1391(b)(2) and 42 U.S.C. § 2000(e)-5(f)(3), venue is appropriate in this Court.

## EXHAUSTION OF ADMINISTRATIVE PROCEDURES

3. Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed her Charge of Discrimination against MLGW (No. 490-2021-00839) on May 18, 2019. A copy of the Charge is attached hereto as Exhibit A.

4. On March 23, 2022, the Equal Employment Opportunity Commission ("EEOC") issued Plaintiff her Right to Sue letter for the Charge of Discrimination that she filed against MLGW. A copy of the Notice is attached hereto as Exhibit B.

5. Plaintiff's Charge of Discrimination were timely filed and Plaintiff brings this lawsuit within ninety (90) days of her receipt of the Notice.

## PARTIES

6. Plaintiff is an African American female and she resides in Shelby County, Tennessee.

7. MLGW is a political subdivision and an entity of the local government in Memphis, Shelby County, Tennessee, organized and existing under the laws of the State of Tennessee. Its principal place of business is 220 South Main Street; Memphis, Tennessee 38103. It may be served with process through its Legal Department, located at 220 South Main Street, Memphis, Tennessee 38103.

8. MLGW is now, and at all times relevant hereto, has been an employer engaged in an industry affecting commerce within the meaning of §701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h), and has employed more than the requisite number of persons for the requisite duration under Title VII.

## FACTUAL ALLEGATIONS

A. **Plaintiff's Employment with MLGW**

9. In 2002, MLGW hired Plaintiff as a Clerical Support III in the MLGW Transportation Department.

10. In 2006, Plaintiff was promoted to a Claims Processor in the Claims Department, a position she occupied until 2013.

11. MLGW then promoted Plaintiff to the Customer Accounts & Records Department as a Grade 8 – Step 5 Customer Accounts Processor position, a position she occupied until 2018.

12. Plaintiff admirably performed every position she held with MLGW, including, but not limited to, the Grade 8 – Step 5 Customer Accounts Processor position.

13. During the time period Plaintiff worked for MLGW as a Grade 8 – Step 5 Customer Accounts Processor she never received a negative performance review, received many awards due to her outstanding job performance, and was trusted to train the newly hired Customer Accounts Processors.

14. In February 2018, Plaintiff accepted a position working as an Assistant Business Manager for IBEW Local Union 1288.

15. Pursuant to a Memorandum of Understanding ("MOU") and/or other binding agreements between MLGW, IBEW Union 1288, MLGW employees can accept positions with IBEW Local Union 1288 without losing their status as an employee of MLGW. Moreover, under the MOU and other binding agreements, should, for any reason, an individual's employment with IBEW Local Union 1288 ends, said employee is entitled to return to his or her former position at MLGW.

16. Even though Plaintiff had accepted a position with IBEW Local Union 1288, she retained her status and all of the rights, privileges, obligations, and responsibilities of a MLGW employee. For instance, MLGW had the ability to compel her to participate in internal investigations or be subject to disciplinary action, including, but not limited to, termination.

17. As such, at all relevant times, Plaintiff was an employee and/or agent, whether actual or apparent of MLGW.

**B. Plaintiff Participates in MLGW's Sexual Harassment Investigation**

18. In or around September 2020, MLGW contacted Plaintiff and advised her that the Labor Engagement, Diversity and Inclusion office with MLGW had opened a sexual harassment investigation into a male MLGW employee named William "Rick" Thompson.

19. Because Plaintiff did not desire to be interviewed or to participate in the investigation, she hired counsel and sent a communication to MLGW's counsel explaining her position.

20. In response to the September 23, 2020 correspondence, outside counsel for MLGW sent an electronic communication stating, in part, that "it's MLGW's position that Kimberly Houston is obligated to participate in the investigation referenced in your letter."

21. Although Plaintiff initially attempted to decline to participate in the MLGW investigation, she consented to give an interview as part of the investigation after being threatened with discipline, including termination.

22. Prior to the interview, MLGW assured Plaintiff she would not be retaliated against by participating in MLGW's sexual harassment investigation, as MLGW "purportedly" does not tolerate retaliation.

23. Based on the representations of MLGW, Plaintiff participated in the investigation and responded truthfully to all questions she was asked during the interview.

C. **MLGW retaliates against Plaintiff**

24. In or around December of 2020, Plaintiff was terminated from her Assistant Business Manager position with IBEW Local Union 1288.

25. Pursuant to the MOU, MLGW policies and established precedent, upon leaving the position of Assistant Business Manager, Plaintiff was entitled to return to the Grade 8 – Step 5 Customer Accounts Processor position she occupied prior to serving as IBEW Local Union 1288's Assistant Business Manager.

26. Contrary to the MOU, MLGW policies, and established precedent, MLGW did not allow Plaintiff to return to her previous position.

27. Instead, MLGW made her take a test that is only given to individuals who are performing Customer Accounts Processor position for the first time (i.e., new hires).

28. Plaintiff was initially perplexed and dumbfounded upon being informed she would have to take a test upon her return to the previous position she held as a Grade 8 – Step 5 Customer Accounts Processor because (1) MLGW's decision ran afoul of its own policies and precedent, and (2) she already had performed the position and met all requirements based on the fact that she had worked in the job for many years.

29. MLGW required that Plaintiff take the test in retaliation for her participation in the investigation. In other words, Plaintiff's participation in the investigation was the sole and "but for" cause to her being demoted.

30. MLGW's decision to make Plaintiff take a test to return to her former Grade 8 – Step 5 Customer Accounts Processor position was simply an attempt to conceal an unlawful retaliation ploy. MLGW desired to demote Plaintiff but wanted to, at least, make

its decision appear lawful, which is why Plaintiff was required to take a new hire test before being demoted.

31. Plaintiff did not pass the test and was thereafter demoted to a Route and File Clerk, a position that pays considerably less than the Grade 8 – Step 5 Customer Accounts Processor position.

32. Consistent with the MOU, other applicable policies, and MLGW's precedent, numerous other MLGW employees who accepted a position with IBEW Local Union 1288 were permitted to return to their previous positions without having to take a test or navigate any new job requirements or impediments.

33. As a result of MLGW's retaliation as described herein, Plaintiff suffered a significant loss of earnings, emotional distress and humiliation.

## CAUSES OF ACTION

### COUNT I – Wrongful Retaliation for Engaging in Protected Activity in Violation of Title VII.

34. Plaintiff incorporates all foregoing paragraphs herein as if restated again in full.

35. Plaintiff's participation and interview for MLGW's sexual harassment investigation constituted "protected conduct or activity" as defined by Title VII.

36. The stated reasons for adverse actions against Plaintiff were pretextual and constitute an attempt by MLGW to hide its retaliatory animus.

37. At all relevant times, the conduct of MLGW, by and through its employees and/or agents, as alleged herein constitutes retaliation against Plaintiff because she engaged in activities protected by Title VII.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court:

A.  Order MLGW to timely Answer Plaintiff's Complaint or have a judgment entered against it;

B.  Order MLGW to pay Plaintiff compensatory damages, including back pay, front pay (and/or reinstatement), and benefits for the injuries she sustained as a result of MLGW's conduct, in amounts to be determined at trial;

C.  Order MLGW to compensate Plaintiff for her emotional harm;

D.  Order MLGW to pay all pre-judgment and post-judgment interest on all compensatory damages;

D.  Order MLGW to pay reasonable attorneys' fees incurred with interest thereon;

H.  Order MLGW to pay the costs of this action;

I.  Grant a jury trial; and

J.  Grant such further relief as the Court deems necessary and proper.

        Respectfully submitted,

        **SPENCE PARTNERS**

By:   /s/ Jarrett M.D. Spence.
       Robert L. J. Spence, Jr. (BPR #12256)
       Jarrett M.D. Spence (BPR #034577)
       Andrew M. Horvath (BPR #33862)
       Cotton Exchange Building:
       65 Union Avenue, Suite 900
       Memphis, Tennessee 38103
       Office: (901) 312-9160
       Facsimile: (901) 521-9550
       rspence@spencepartnerslaw.com
       jspence@spencepartnerslaw.com
       ahorvath@spencepartnerslaw.com

*Attorneys for Plaintiff*