```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

| | |
|---|---|
| **KIMBERLY HOUSTON,** | ) |
| Plaintiff, | ) |
| v. | )  No. 22-cv-02395-MSN-tmp |
| **MEMPHIS LIGHT, GAS, AND WATER DIVISION,** | ) |
| Defendant. | ) |

**ORDER DENYING MOTIONS FILED AT ECF NOS. 82, 86, 96, 97, & 98 AND DENYING AS WITHDRAWN DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AT ECF NO. 87**

Before the court are Defendant Memphis Light, Gas, and Water Division's ("MLGW") Motion for Protective Order (ECF No. 82) and Renewed Motion for Protective Order (ECF No. 98) and Plaintiff Kimberly Houston's Motion for Sanctions (ECF No. 86), Motion to Strike MLGW's Motion for Summary Judgment (ECF No. 96), and Motion to Stay the Deadline to Respond to the Motion for Summary Judgment (ECF No. 97). The motions were referred to the undersigned for determination. (ECF Nos. 83, 100, 109.) A hearing was held in person on March 13, 2024.

During the hearing, based on the court's determination that some limited depositions would be permitted and that both parties should be allowed to file/re-file summary judgment motions based on this limited discovery, counsel for MLGW moved to withdraw the

pending motion for summary judgment, which the undersigned granted. Therefore, the Motion to Strike and Motion to Stay are DENIED as moot based upon the withdrawal. The pending motion for summary judgment (ECF No. 87) shall be reflected as terminated on the docket. The parties shall have thirty days after the completion of the final deposition to file their motions for summary judgment.

Regarding MLGW's Motion for Protective Order and Renewed Motion for Protective Order, the undersigned concludes that the depositions should be permitted and must take place within forty-five days from the entry of this order. Whether portions of the plaintiff's deposition testimony previously taken in Houston v. MLGW, et al., No. 2:21-cv-02393-SHM-cgc, would be admissible for the purposes of summary judgment and trial may be determined at a later date, assuming that this issue remains after the taking of the plaintiff's upcoming deposition. Therefore, MLGW's motions for protective orders are DENIED without prejudice.

The undersigned orders that the parties have forty-five days from entry of this order to take only the following depositions: Kimberly Houston, Eric Conway, Jacqueline Jones, Von Goodloe, Angela Stewart, and MLGW's 30(b)(6) representative or representatives. No further depositions will be permitted. The parties are directed to submit to the court a Joint Notice by Friday, March 15, 2024, confirming the witnesses to be deposed and the dates on which those depositions will take place. As stated

above, the undersigned further orders that the parties will have thirty days after the completion of the final deposition to file motions for summary judgment, and the parties may file responses pursuant to Local Rule 56.1.

The undersigned recognizes that the remedies granted in this order will result in a modification to the current schedule and extension of the deadline for filing summary judgment motions. The undersigned interprets the scope of the orders of reference and the relief sought in the motions to include the possibility of modifying the scheduling order and extend the deadline to file motions for summary judgment, in lieu of imposing sanctions such as excluding evidence.

Finally, regarding the plaintiff's motion for sanctions, the undersigned finds that the requested sanctions are not warranted. However, although the undersigned finds that sanctions are not appropriate at this point, the conduct from counsel for both parties has contributed to the unnecessary stalling of this case. To prevent avoidable delays in the future, prior to filing any discovery motions, counsel for both plaintiff and defendant are directed to jointly contact the undersigned Magistrate Judge's chambers if any issues arise related to discovery. Therefore, the motion for sanctions is DENIED at this time. However, the parties are warned that should there be any further violations of the court's orders or non-compliance with the Federal Rules of Civil

- 4 -

Procedure, the court will consider imposing sanctions against either or both counsel and/or the parties.

    IT IS SO ORDERED.

                                  s/Tu M. Pham  
                                  TU M. PHAM  
                                  Chief United States Magistrate Judge

                                  March 13, 2024  
                                  Date